# SUPREME COURT.

The People *ex rel.* THE GENESEO, MOUNT MORRIS AND YORK PLANK ROAD COMPANY, agt. JAMES T. HALL and others, Commissioners of Highways of the Town of Geneseo.

The statute providing for the application of highway labor in certain cases on plank roads, has no application to assessments in respect to persons, or in respect to any property not in the road itself, or in or attached to land immediately adjoining.

It does not embrace assessments for the personal property generally of the owner of land upon the line of the road, or for the capital of a banking corporation, or personal property held in trust.

The People ex rel. The G., M. M. & Y. P. R. Co. agt. Hall and others.

A tenant or occupant of land on the line of a plank road liable to be assessed for highway labor in regard to the land, is authorized ·by the statute to apply to the commissioners to be assessed on the plank road.

*Ontario Special Term, August,* 1857.
DEMURRER to a return to an alternative mandamus.

HASTINGS & BINGHAM, *for relators.*
A. A. HENDEE, *for defendants.*

T. R. STRONG, Justice. This case calls for a construction of the statute providing for the application of highway labor in certain cases, upon plank roads, in regard to the labor which may be applied for the benefit of such roads.

The statute is in these words : " Every person liable to do highway labor, living or owning property on the line of any plank road of this state, may, on making application in writing to the commissioner or commissioners of their respective towns, on any day previous to the time of making the highway warrants by such commissioners, be assessed the apportionment of highway labor for such property upon such plank road, and the commissioner or commissioners shall assess such person for the land or property owned by him in or upon the line of said plank road as a separate road district." (*Laws of* 1855, 905.)

It will be noticed, that the statute is in terms limited to assessments in respect to property ; hence assessments upon the person, irrespective of property, are unaffected by it, and are left to be governed by other provisions of the statute relating to the performance of labor on the highways.

It will be further observed, that the statute under consideration is by its terms applicable only to assessments for particular property, that is " land or property, &c., in or upon the line of a plank road." This language excludes all property not in the road itself, or in or attached to the land immediately adjoining. Personal property, generally of the owner of the land, cannot with any propriety, in the ordinary legal view of

such property, be said to be in or upon the line of the road. It has no locality and follows the person of the owner.

The capital of a banking corporation, and personal property held in trust, occupy the same footing as other mere personal movable property in respect to the statute in question.

The persons authorized by the statute to make application to the commissioners to be assessed upon the plank road, are persons liable to do highway labor living or owning property on the line of a plank road, and the assessment is to be for land or property owned by them. A tenant or occupant of land liable to be assessed for highway labor in respect to it, I think comes within this provision, and is, for the purpose of it, an owner of the property. It could not have been contemplated by the legislature that only persons having title in fee should have a right to apply to be assessed on the plank road, but it must have been intended that any person should possess the right who so occupied as to be liable to be assessed for the land. If this be not so, in all cases of land assessed to mere tenants and occupants under others, no person could compel an assessment of the highway labor in respect to the land upon a plank road.

The policy of the statute was to give to the person liable to assessment for the land, the right conferred by the statute.

No executory contract was created between the supervisor and commissioner of highways of Geneseo, and the plank road company, by the consent of the former to the taking and use of the highway by the company. It was a mere grant of a right. The statute in question does not violate any of the provisions of the instrument. (*Palmer* agt. *Fort Plain and Cooperstown Plank Road Company*, 1 *Kernan*, 376.)

It follows that there must be judgment for the relators as to assessments of tenants or occupants for lands on the line of the plank road, the return in respect to those assessments being insufficient.